Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
SPENCER MARKS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SPENCER MARKS, | ) |
| | ) Case No.: 2:22-cv-1385 |
| Plaintiff, | ) |
| v. | ) **PLAINTIFF'S COMPLAINT** |
| | ) |
| SWIFTFUNDS FINANCIAL SERVICES, LLC; SWIFT BPO PARTNERS, LLC; and MARIE PETREE; | ) ) ) ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, SPENCER MARKS ("Plaintiff"), by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendants, SWIFTFUNDS FINANCIAL SERVICES, LLC; SWIFT BPO PARTNERS, LLC; and MARIE PETREE ("Swiftfunds", "Swift BPO", and "Petree" respectively and "Defendants" collectively):

1

## INTRODUCTION

1. Counts I and II of Plaintiff's Complaint are based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Counts III and IV of Plaintiff's Complaint are based on the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* ("EFTA").

## JURISDICTION AND VENUE

3. This court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k; EFTA, 15 U.S.C. § 1693m; as well as pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

4. This court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

5. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

## PARTIES

6. Plaintiff is a natural person residing in the City of Meriden, New Haven County, State of Connecticut.

7. Plaintiff is a consumer as that term is defined by the FDCPA and EFTA.

8. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

9. Swiftfunds is a debt collector as that term is defined by the FDCPA.

10. Swift BPO is a debt collector as that term is defined by the FDCPA.

11. Petree is a debt collector as that term is defined by the FDCPA.

12. Swiftfunds is a California business corporation headquartered in the City of Rolling Hills Estates, Los Angeles County, State of California.

13. Swift BPO is a Nevada limited liability company headquartered in the City of Las Vegas, Clark County, State of Nevada.

14. Petree is a natural person residing in the State of Nevada.

15. Petree is the owner of Swiftfunds.

16. Petree is the managing member of Swiftfunds.

17. Petree is the chief executive officer of Swiftfunds.

18. Petree is the owner of Swift BPO.

19. Petree is the managing member of Swift BPO.

20. Petree is the chief executive officer of Swift BPO.

21. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

22. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056

(E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

23. Swiftfunds and Swift BPO send out collection letters to debtors that indicate that they were sent by both Swiftfunds and Swift BPO.

24. Swiftfunds and Swift BPO work together to collect the alleged debts.

25. Swiftfunds and Swift BPO operate their businesses as one and the same.

26. Within the last year, Defendants attempted to collect a consumer debt from Plaintiff.

27. Defendants' businesses include, but are not limited to, collecting on unpaid, outstanding account balances.

28. When an unpaid, outstanding account is placed with Swiftfunds and/or Swift BPO it is assigned a file number.

29. The principal purpose of Swiftfunds' business is the collection of debts allegedly owed to third parties.

4

30. The principal purpose of Swift BPO's business is the collection of debts allegedly owed to third parties.

31. Swiftfunds regularly collects, or attempts to collect, debts allegedly owed to third parties.

32. Swift BPO regularly collects, or attempts to collect, debts allegedly owed to third parties.

33. During the course of their attempts to collect consumer debts, Defendants send to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

34. Defendants acted themselves and through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

35. Defendants are attempting to collect a consumer debt from Plaintiff, allegedly arising from a gym membership with The Edge Fitness.

36. The alleged debt at issue arises from transactions for personal, family, and household purposes.

37. Swiftfunds/Swift BPO calls Plaintiff's cellular telephone at 203-615-8998 in an attempt to collect the alleged debt.

5

38. In connection with the alleged debt, Plaintiff spoke with Swiftfunds/Swift BPO's collector, Troy Green.

39. During the above-referenced call:

   a. Mr. Green attempted to collect the alleged debt from Plaintiff;

   b. Plaintiff agreed to pay the alleged debt, but believed that he would only have to pay $180.00, because that was a deal previously offered to him by The Edge Fitness;

   c. Plaintiff gave Mr. Green his personal checking account information;

   d. Mr. Green stated that Swiftfunds/Swift BPO would be processing a payment for $497.00;

   e. Plaintiff immediately told Mr. Green not to process the payment for $497.00 because Plaintiff wanted to confirm directly with The Edge Fitness to confirm the correct amount owed and wanted to pay only $180.00; and

   f. Mr. Green agreed and confirmed with Plaintiff that Swiftfunds/Swift BPO would not process any payment at that time.

40. Within a couple of days later, Plaintiff saw that Swiftfunds/Swift BPO had processed the $497.00 payment anyway and without Plaintiff's authorization.

41. Plaintiff then immediately contacted Mr. Green at Swiftfunds/Swift BPO about the unauthorized withdrawal from Plaintiff's personal checking account.

42. During the above-referenced call:

    a. Plaintiff inquired why Mr. Green processed the $497.00 payment when he agreed that he would not do so;

    b. Mr. Green claimed that that part of their previous conversation never occurred;

    c. Plaintiff requested that Mr. Green review the recording from the previous call; and

    d. Mr. Green refused to review the call recording and perfunctorily told Plaintiff that the $497.00 payment was authorized.

43. The natural consequences of Swiftfunds/Swift BPO's statements and actions was to produce an unpleasant and/or hostile situation between Swiftfunds/Swift BPO and Plaintiff.

44. The natural consequences of Swiftfunds/Swift BPO's actions was to cause Plaintiff mental distress.

45. The natural consequences of Swiftfunds/Swift BPO's actions was to unjustly condemn and vilify Plaintiff for his non-payment of the alleged debt.

**COUNT I**
**SWIFTFUNDS FINANCIAL SERVICES, LLC/SWIFT BPO PARTNERS, LLC VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

46. Swiftfunds/Swift BPO violated the FDCPA based on the following:

    a. Swiftfunds/Swift BPO violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress,

and abuse in connection with the collection of an alleged debt when Swiftfunds/Swift BPO employed the above-referenced unlawful debt collection tactics;

b. Swiftfunds/Swift BPO violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Swiftfunds/Swift BPO engaged in, at least, the following discrete violations of § 1692e;

c. Swiftfunds/Swift BPO violated § 1692e(2)(A) of the FDCPA by their false representation of the character, amount, or legal status of any debt when Swiftfunds/Swift BPO's collector collected $497.00 from Plaintiff when Plaintiff only intended to pay $180.00;

d. Swiftfunds/Swift BPO violated § 1692e(10) of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Swiftfunds/Swift BPO engaged in, at least, all of the other discrete violations of § 1692e alleged herein;

e. Swiftfunds/Swift BPO further violated § 1692e(10) of the FDCPA by creating the false impression on Plaintiff that Swiftfunds/Swift BPO was permitted to violate debt collection and other consumer protection laws with impunity;

  f. Swiftfunds/Swift BPO violated § 1692f of the FDCPA by their use of unfair or unconscionable means to collect or attempt to collect any debt when Swiftfunds/Swift BPO engaged in all of the misconduct alleged herein;

  g. Swiftfunds/Swift BPO violated § 1692g(a)(3) of the FDCPA by ignoring Plaintiff's oral dispute of the amount of the alleged debt and continuing to assume the validity of the alleged debt when Swiftfunds/Swift BPO employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the amount of the alleged debt; and

  h. Swiftfunds/Swift BPO violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Swiftfunds/Swift BPO ignored Plaintiff's oral dispute of the amount of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt despite Plaintiff's dispute of the amount of the alleged debt.

WHEREFORE, Plaintiff, SPENCER MARKS, respectfully requests judgment be entered, both jointly and severally, against Defendants, SWIFTFUNDS FINANCIAL SERVICES, LLC and SWIFT BPO PARTNERS, LLC for the following:

47. Actual damages, of not less than $497.00, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

48. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

49. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

50. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## MARIE PETREE VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff repeats and re-alleges paragraphs 1-46 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

52. At all relevant times, acting alone or in concert with others, Petree has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Swiftfunds/Swift BPO, and their employees, including the acts and practices set forth in this Complaint.

WHEREFORE, Plaintiff, SPENCER MARKS, respectfully requests judgment be entered, both jointly and severally, against Defendant, MARIE PETREE, for the following:

53. Actual damages, of not less than $497.00, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

10

54. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

55. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

56. Any other relief that this Honorable Court deems appropriate.

## COUNT III:
### SWIFTFUNDS FINANCIAL SERVICES, LLC/SWIFT BPO PARTNERS, LLC VIOLATED THE ELECTRONIC FUND TRANSFER ACT

57. Plaintiff repeats and re-alleges paragraphs 1-45 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

58. Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made."

59. Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b), provides that "[p]reauthorized electronic fund transfers from a consumer's account may be authorized only by a writing signed or similarly authenticated by the consumer. The person that obtains the authorization shall provide a copy to the consumer."

60. Section 205.10(b) of the Federal Reserve Board's Official Staff Commentary to Regulation E, 12 C.F.R. § 205.10(b), Supp. I, provides that "[t]he authorization process should evidence the consumer's identity and assent to the authorization."

*Id.* at ¶10(b), comment 5.  The Official Staff Commentary further provides that "[a]n authorization is valid if it is readily identifiable as such and the terms of the preauthorized transfer are clear and readily understandable." *Id.* at ¶10(b), comment 6.

61. Swiftfunds/Swift BPO has debited Plaintiff's personal checking account without obtaining a written authorization, or after revocation of such written authorization, signed or similarly authenticated from Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

62. Swiftfunds/Swift BPO has debited Plaintiff's personal checking account without providing to Plaintiff a copy of a written authorization signed or similarly authenticated by Plaintiff for preauthorized electronic fund transfers from Plaintiff's account, thereby violating Section 907(a) of the EFTA, 15 U.S.C. § 1693e(a), and Section 205.10(b) of Regulation E, 12 C.F.R. § 205.10(b).

WHEREFORE, Plaintiff, SPENCER MARKS, respectfully requests judgment be entered, both jointly and severally, against Defendants, SWIFTFUNDS FINANCIAL SERVICES, LLC and SWIFT BPO PARTNERS, LLC for the following:

63. Actual damages of not less than $497.00;

64. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

65. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3); and

66. Any other relief that this Honorable Court deems appropriate.

### COUNT IV:
### MARIE PETREE VIOLATED THE ELECTRONIC FUND TRANSFER ACT

67. Plaintiff repeats and re-alleges paragraphs 57-66 of Plaintiff's Complaint as the allegations in Count IV of Plaintiff's Complaint.

68. At all relevant times, acting alone or in concert with others, Petree has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Swiftfunds/Swift BPO, and their employees, including the acts and practices set forth in this Complaint.

WHEREFORE, Plaintiff, SPENCER MARKS, respectfully requests judgment be entered, both jointly and severally, against Defendant, MARIE PETREE, for the following:

69. Actual damages of not less than $497.00;

70. Statutory damages of $1,000.00 pursuant to the Electronic Fund Transfer Act, § 916(a)(2)(A);

71. Costs and reasonable attorneys' fees pursuant to the Electronic Fund Transfer Act, § 916(a)(3); and

72. Any other relief that this Honorable Court deems appropriate.

DATED: March 1, 2022

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By /s/ Michael S. Agruss
Michael S. Agruss
Attorney for Plaintiff,
SPENCER MARKS